UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
RON SARTORI                      *   CIVIL ACTION NO.0411919MLW
42 Pillsbury Road                *
Londonderry,N.H.03053            *
     Plaintiff                   *   ANSWER OF DEFENDANT
                                 *   NATIONAL RAILROAD
                                 *   PASSENGER CORPORATION
V.                               *   TO PLAINTIFF'S COMPLAINT
                                 *
NATIONAL RAILROAD                *
PASSENGER CORPORATION,           *
253 Summer Street                *
Boston, MA 02210                 *
   Defendant                     *
```

1. Defendant admits the allegations set forth in Paragraph 1 of the Plaintiff's Complaint.

2. Defendant admits the allegations set forth in Paragraph 2 of the Plaintiff's Complaint.

3. Defendant is not called upon to either admit or deny the allegations set forth in Paragraph 3 of the Plaintiff's Complaint.

4. Defendant admits the allegations set forth in Paragraph 4 of the Plaintiff's Complaint.

5. Defendant denies the allegations set forth in Paragraph 5 of the Plaintiff's Complaint.

6. Defendant admits the allegations set forth in Paragraph 6 of the Plaintiff's Complaint.

7. Defendant denies the allegations set forth in Paragraph 7 of the Plaintiff's Complaint.

8. Defendant denies the allegations set forth in Paragraph 8 of the Plaintiff's Complaint.

9. a-j. Defendant denies the allegations set forth in Paragraphs 9 a-j of the Plaintiff's Complaint.

10. Defendant denies the allegations set forth in Paragraph 10 of the Plaintiff's Complaint.

11. Defendant is without sufficient knowledge to either admit or deny the allegations set forth in Paragraph 11 of the Plaintiff's Complaint.

12. Defendant denies the allegations set forth in Paragraph 12 of the Plaintiff's Complaint.

13. Defendant denies the allegations set forth in Paragraph 13 of the Plaintiff's Complaint.

14. Defendant denies the allegations set forth in Paragraph 14 of the Plaintiff's Complaint.

WHEREFORE, the defendant Amtrak denies that the plaintiff is entitled to judgment against them as alleged in the Complaint.

## ADDITIONAL DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. If defendant AMTRAK was guilty of any negligence proximately causing the injuries and damages set forth in the Complaint, all of which AMTRAK expressly denies, then plaintiff is guilty of negligence contributing to cause said injuries and damages.

3. Plaintiff's claim should be barred because plaintiff was guilty of negligence which was a contributing cause of plaintiff's injuries and which negligence was greater than the amount of negligence, if any, attributable to defendant AMTRAK, or alternatively, the plaintiff's claim should be reduced by the amount of plaintiff's negligence.

4. The actions or inactions of defendant AMTRAK was not the proximate cause of plaintiff's alleged injuries and damages, but said injuries and damages, if any, were the result of other intervening and superseding causes for which AMTRAK was not responsible.

5. The acts or failures to act alleged in the Complaint were committed or omitted, if at all, by parties for whose

conduct or inaction AMTRAK was not, and is not, legally responsible.

6. Plaintiff's claims are barred because plaintiff has failed to mitigate the damages claimed, or alternatively, the damages are limited to the extent that the plaintiff has failed to mitigate them.

7. Plaintiff's claim is barred for failure to join one or more indispensable parties.

WHEREFORE, the defendant AMTRAK respectfully requests that the Court:

1. Deny the relief sought by plaintiff in the Complaint and dismiss said Complaint with prejudice;

2. Award AMTRAK its reasonable costs and attorney's fees; and

3. Order such other and further relief as the Court deems just and proper.

DEFENDANT AMTRAK DEMANDS TRIAL BY JURY.

NATIONAL RAILROAD
PASSENGER CORPORATION
By its attorney,

Paul J. Sahovey
Assistant General Counsel
Ten Park Plaza
Boston, MA 02116
(617) 222-3189
BBO #437900

Dated: October 4, 2004